Megan E. Foster
California State Bar No. 317634
THE LAW OFFICE OF MEGAN E. FOSTER, APC
101 W. Broadway, Ste. 810
San Diego, CA 92101
Telephone: (619) 736-3707
Email: megan.foster.esq@gmail.com

*Attorney for Aurangzeb Ayub*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
## (HONORABLE JANIS L. SAMMARTINO)

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> AURANGZEB AYUB (10), <br><br> Defendant. | Case No.: 21-CR-1623-10-JLS <br> Date: June 10, 2022 <br> Time: 1:45 pm <br><br> **NOTICE OF MOTION AND MOTIONS TO** <br>   **1) COMPEL DISCOVERY;** <br>   **2) PRESERVE EVIDENCE; and** <br>   **3) LEAVE TO FILE FURTHER MOTIONS.** |

## I.     NOTICE.

TO: RANDY S. GROSSMAN, ACTING UNITED STATES ATTORNEY, and MEGHAN HEESCH, and JOSHUA MELLOR, ASSISTANT UNITED STATES ATTORNEYS:

**PLEASE TAKE NOTICE** that on June 10, at 1:45 pm, or as soon thereafter as counsel may be heard, Aurangzeb Ayub, by and through his counsel, Megan E. Foster, will ask the Court to grant the Motions to (1) Compel Discovery, (2) Preserve Evidence, and (3) Leave to File Further Motions.

///

///

# POINTS AND AUTHORITIES IN SUPPORT OF AURANGZEB AYUB'S MOTIONS.

## II. STATEMENT OF FACTS.

Mr. Ayub is charged with Racketeering Conspiracy to Conduct Enterprise Affairs (RICO Conspiracy) in violation of 18 U.S.C. §§1962(c) and (d) and forfeiture pursuant to 1963. The underlying allegations involve the sales of encrypted phones within an alleged enterprise in order to facilitate drug distribution, drug importation, money laundering, and the obstruction of justice in Australia, Europe, and North America by virtue of the use of these encrypted devices.

## III.   DISCOVERY REQUEST.

Aurangzeb Ayub moves for the production by the government of the following discovery and for the preservation of such evidence. This request is not limited to those items that the prosecution knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of *any government agency*. See generally *Kyles v. Whitley*, 514 U.S. 419 (1995); *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989).

Pursuant to Local Rule 16.1, counsel has previously requested discovery to the assigned AUSA Meghan Heesch. To date, partial discovery (approximately 8,000 files) have been received. There are currently not any discovery disputes, however, discovery production is ongoing. If necessary, counsel will file a formal 16.1 notice regarding any discovery disputes.

(A)   <u>Discovery Indexing and Translation</u>.

Given the breadth of the investigation spanning from 2019 to mid-2021, Mr. Ayub respectfully requests that the government produce indexes of produced (and to-be produced) discovery and translation of any foreign language on line sheets into English. To date, the government has produced one round of approximately 8,000+

files in discovery, however, no discovery index of these files has been produced, necessitating that the defense open each individual file to find out what it might contain. Many of these files involve alleged conversations taking place in a language other than English, on dates unknown, with labels that do not indicate any of the above, which leaves Mr. Ayub's defense unable to discern what files may or may not contain incriminating or exculpatory information, let alone whether the files pertain to Mr. Ayub. Mr. Ayub asks that the government provide a discovery index for the first round of discovery produced, and requests for any and all discovery productions going forward, a discovery index indicating what the government has disclosed, along with translations of each file not in English, so that Mr. Ayub can more adequately review discovery and assist meaningfully in his defense.

 (B) <u>The Defendant's Statements</u>.

 The government must disclose to Mr. Ayub all copies of any written or recorded statements made by Mr. Ayub; the substance of any statements made by Mr. Ayub which the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any *Miranda* warnings that may have been given to Mr. Ayub; as well as any other statements by Mr. Ayub.  Fed. R. Crim. P. 16(a)(1)(A).

 The Advisory Committee Notes and the 1991 Amendments to Rule 16 make government's obligation abundantly clear – the government must reveal all of Mr. Ayub's statements, whether oral or written, independent of the government's intended use of the statements.

 Additionally, the government must "disclose *any written record* which contains *reference to* a relevant oral statement by Mr. Ayub which was in response

to interrogation, without regard to whether the prosecution intends to use the statements at trial." Fed. R. Crim. P. 16 Advisory Committee Notes (1991 Amendment) (emphasis added).

(C) <u>Arrest Reports, Notes, Dispatch Tapes and Audio/Video Recordings</u>.

Mr. Ayub also specifically requests that all arrest reports, notes and dispatch or any other audio/visual tapes or recordings that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced *in their entirety*, be turned over. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained.

This information is discoverable pursuant to Fed. R. Crim. P. 16(a)(1)(A) and (E) and *Brady v. Maryland*, 373 U.S. 83 (1963). See also *Loux v. United States*, 389 F.2d 911 (9th Cir. 1968). The government must therefore produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Ayub. *See* Fed. R. Crim. P. 16(a)(1)(B) and (c), Fed. R. Crim. P. 26.2 and 12(I). Preservation of rough notes is requested, whether or not the government deems them discoverable. Mr. Ayub specifically requests a copy of any audiotapes or videotapes of *any* interrogation or questioning.

Mr. Ayub also specifically requestes the preservation and disclosure of all evidence seized from his home in the Netherlands, including electronics, watches, papers, documents, and any and all other personal effects not released to him in his property.

(D) <u>*Brady* Material</u>.

Mr. Ayub requests all documents, statements, agents' reports, and tangible evidence favorable to Mr. Ayub on the issue of guilt and/or which affects the

credibility of the government's case. Impeachment as well as exculpatory evidence falls within *Brady*'s definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976). This request includes any information obtained in the course of other investigations, other interrogations, or interviews that exculpates Mr. Ayub.

(E)    Any Information that May Result in a Lower Sentence Under the Guidelines.

As discussed above, this information is discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963).  This request includes any cooperation or attempted cooperation by Mr. Ayub, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of Mr. Ayub's criminal history, or any other application of the Guidelines.

(F)    The Defendant's Prior Record.

Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(D). Counsel specifically requests a complete copy of any criminal record. AURANGZEB AYUB requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions, in the United States, or otherwise, in the government's possession.

(G)    Any Proposed 404(b) Evidence.

Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution shall provide reasonable notice in advance of trial of the general nature " of any evidence the government proposes

to introduce under Fed. R. Evid. 404(b) at trial. Mr. Ayub requests that such notice be given at least two weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(H)   Evidence Seized.

Mr. Ayub requests production of evidence seized as a result of any search, either warrantless or with a warrant in connection with this case. Fed. R. Crim. P. 16(a)(1)(E). He specifically requests the inspection of any seized evidence from the search of his person or home.

(I)   Request for Preservation of Evidence.

Mr. Ayub specifically requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes, **but is not limited to**: personal effects seized from Mr. Ayub not yet released to him in retrieval of his property; any evidence seized from Mr. Ayub, or any third party in relation to this case; and any audio or video recordings of Mr. Ayub, or any third parties related, directly or indirectly, to this case.

(J)   Tangible Objects.

Mr. Ayub seeks, under Fed. R. Crim. P. 16(a)(1), to inspect, copy, and test if necessary, all other documents and tangible objects, including the ability to inspect and test one of the encrypted devices, any hotographs, books, papers, documents, alleged narcotics, electronics, watches, fingerprint analyses, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief and/or were obtained from or belong to Mr. Ayub. Fed. R. Crim. P. 16(a)(1)(E).

///

(K)    <u>Evidence of Bias or Motive to Lie</u>.

Mr. Ayub requests any evidence that any prospective government witness is biased or prejudiced against Mr. Ayub, or has a motive to falsify or distort their testimony.

(L)    <u>Impeachment Evidence</u>.

In addition, Mr. Ayub specifically requests that assigned AUSAs Meghan Heesch and Joshua Mellor oversee a review of all personnel files of each agent involved in the present case for impeachment material. *Kyles v. Whitley*, 115 S. Ct. 1555 (1995); *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); but see *United States v. Herring*, 83 F.3d 1120 (9th Cir. 1996).

Mr. Ayub also requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to Mr. Ayub. See Fed. R. Evid. 608, 609 and 613; *Brady v. Maryland*, 373 U.S. 83 (1963).

(M)    <u>Evidence of Criminal Investigation of Any Government Witness</u>.

Mr. Ayub requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(N)    <u>Evidence Affecting Perception, Recollection, and/or Ability to Communicate</u>.

The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988).

///

///

NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY, PRESERVE EVIDENCE, AND LEAVE TO FILE FURTHER MOTIONS
*U.S. V. AURANGZEB AYUB*, CASE NO. 21-CR-1623-10-JLS

(O)   <u>Witness Addresses</u>.

Mr. Ayub requests the name(s) and last known address of each prospective government witness. *See United States v. Napue*, 834 F.2d 1311 (7th Cir. 1987); *United States v. Tucker*, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); *United States v. Cook*, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). Mr. Ayub also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. *United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984).

(P)   <u>Names of Witnesses Favorable to Mr. Ayub</u>.

Mr. Ayub requests the name of any witness who made an arguably favorable statement concerning Mr. Ayub, or who could not identify them or was unsure of their identity, or participation in the crime charged.

(Q)   <u>Evidence Material to the Defense</u>.

Mr. Ayub requests disclosure of any evidence material to any possible defense or contention that he might assert. *See* Fed. R. Crim. P. 16(a)(1)(E)(i). As the Ninth Circuit held in *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013), "materiality is a low threshold; it is satisfied so long as 'the information . . . would have helped' [the defendant] prepare a defense." (ellipsis and brackets added). "Information is material even if it simply causes a defendant to completely abandon a planned defense and take an entirely different path." *Id*. (citation and internal quotation marks omitted). The Court continued:

> A defendant needn't spell out his theory of the case in order to obtain discovery. Nor is the government entitled to know in advance specifically what the defense is going to be. The relevant subsection of Rule 16 is written in categorical terms: Upon defendant's request, the

8

government must disclose any documents or other objects within its possession, custody or control that are "material to preparing the defense." Fed.R.Crim.P. 16(a)(1)(E)(i). Unlike the preceding and subsequent subsections, which both require that "the government knows—or through due diligence could know—that the" item exists, see Fed.R.Crim.P. 16(a)(1)(D), (F), subsection (E) is unconditional. Lack of knowledge or even a showing of due diligence won't excuse non-compliance.

> ***It thus behooves the government to interpret the disclosure requirement broadly and turn over whatever evidence it has pertaining to the case.***

*Id.* (emphasis added). In light of this clear directive from the Ninth Circuit, Mr. Ayub requests that the government therefore promptly disclose "whatever evidence it has pertaining to the case" as well as any and all items that meet the "low threshold" of materiality pursuant to Rule 16 and *Hernandez-Meza*.

(R)    Jencks Act Material.

Mr. Ayub requests all material to which he is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2, including dispatch tapes, in advance of the motion hearing or trial. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness's interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963); *see also United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991) (holding that interview notes constitutes Jencks material when an agent reviews notes with the subject of the interview); *see also United States v. Riley*, 189 F.3d 802, 806-808 (9th Cir. 1999).

Advance production will help avert the possibility of a delay of the motion hearing or trial to allow Mr. Ayub to investigate the Jencks material. Mr. Ayub requests pre-trial disclosure of such statements in the interest of judicial economy, specifically to avoid unnecessary recesses and delays and/or to allow defense counsel to prepare for, and use properly any Jencks statements during cross-examination.

(S)     *Giglio* Information.

Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), Mr. Ayub requests all statements and/or promises, express or implied, made to any/all government witness(es), in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witness(es).

(T)     Reports of Scientific Tests or Examinations.

Mr. Ayub requests the results of any scientific or other tests or examinations, including testing done on the vehicle, the alleged drug or drugs, DNA, fingerprints, etc. done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.  See Rule 16(a)(1)(F). This request is intended to include the resulting tests or lab reports of any drug evidence seized in this case.

(U)     *Henthorn* Material.

Mr. Ayub requests that the prosecutor review the personnel files of the officers involved in this arrest, and those who will testify, and produce any exculpatory information at least two weeks prior to trial and one week prior to the motion hearing.  See *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).  In addition, Mr. Ayub requests that if the government is uncertain whether certain information is to be turned over pursuant to this request, that it produce such information to the Court in advance of the trial and the motion hearing for an *in camera* inspection.

Mr. Ayub also specifically requests all citizen complaints and other related internal affairs documents involving any other law enforcement officers who were involved in the investigation worldwide, arrests and interrogations in this case,

pursuant to *Pitchess v. Superior Court*, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will not be able to procure them from any other source.

Mr. Ayub requests the government examine the personnel files and any other files within its custody, care, or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers, including law enforcement officers participating in the investigation extraterritorially. He requests these files be reviewed by government attorneys for evidence of, but not limited to, perjurious and other dishonest conduct, any other material relevant to impeachment, and/or any exculpatory information pursuant to the government's duty under *Henthorn*.

Ultimately, the government has an ethical obligation to comply fully with this discovery request and only the government has the factual and legal knowledge to fulfill it.

(V)   <u>Informants and Cooperating Witnesses</u>.

The defense requests disclosure of the name(s), address(es), and location(s) of any and all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the charged crime, whether that person or persons are unknown or unknowable to the defense, and regardless of where the witness(es) might reside globally. *Roviaro v. United States*, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate Mr. Ayub. *Brady v. Maryland*, 373 U.S. 83 (1963). The government must also disclose any information indicating bias on the part of any informant or cooperating witness, to include what, if any, inducements, favors, payments, or threats were made to the witness to secure cooperation with the

authorities. *Giglio v. United States*, 405 U.S. 150 (1972). Specifically, Mr. Ayub requests that, to the extent that there was any informant, the names and addresses of any such informant(s) be disclosed.

    (W)   <u>Expert Witnesses</u>.

    Mr. Ayub requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(G).

    The defense requests the notice of expert testimony be provided at least two weeks prior to trial so the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigation the opinions and/or the credentials of the government's expert, and obtain a hearing in advance of trial to determine the admissibility of any expert. *See Kumho Tire Co., Ltd. v. CarAlina*, 526 U.S. 137,152, 119 S.Ct. 1167, 1176 (1999) (trial judge is a gatekeeper and must determine reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings.").

    (X)   <u>Residual Request</u>.

    This request is not exhaustive, and there will likely be more requests as the case continues.  Nonetheless, Mr. Ayub intends that this discovery motion invokes his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure, the Constitution, and laws of the United States. Mr. Ayub requests the government produce the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

    Mr. Ayub therefore requests the government produce the above requested material well in advance of motions hearings and trial. This lead-time is necessary in order for defense counsel to effectively investigate this case and assist Mr. Ayub in preparing the defense. Counsel specifically requests all evidence the government

intends to use in their case in chief under Fed. R. Crim. P. 12(b)(4)(B) in order that suppression of evidence can be evaluated.

## IV.    MOTION TO PRESERVE AND INSPECT EVIDENCE.

Mr. Ayub moves the Court for orders to preserve the drugs, vehicle, personal effects found within the vehicle, personal effects seized, and the cell phone(s), iPads, computers, and any other physical evidence seized in this case. Specifically, Mr. Ayub moves the Court to order defense counsel have access to for inspection of all evidence seized as noted above. Mr. Ayub also moves the Court for an Order preserving any and all personal effects and items found on Mr. Ayub or otherwise associated with this case still in the government's possession as evidence, including but not limited to, electronics, watchesm documents, conputers, iPads, and cellular phones, for inspection by the defense.

## V. MOTION FOR LEAVE TO FILE FURTHER MOTIONS.

Discovery and investigation in this matter are ongoing. As new information surfaces via discovery, as an outcome of defense investigation, or by order of this Court, the defense may need to file further mortions. Mr. Ayub therefore asks leave of this Court to file further motions as may be necessary.

## VI.    CONCLUSION.

Mr. Ayub respectfully requests that this Court grant his Motions and any and all other relief the Court deems proper.

Respectfully submitted,

<u>Dated</u>: June 6, 2022                    s/ *Megan E. Foster*
                                             Megan E. Foster
                                             Attorney for Defendant
                                             AURANGZEB AYUB